UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRANCE D. FOX,

                Plaintiff,

   -v-                                                         1:06-CV-1135 (LEK/ RFT)

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

                Defendant.
_____

## DECISION AND ORDER

Presently before the Court is a Motion filed by Plaintiff Terrance D. Fox ("Plaintiff") on February 27, 2009, requesting reconsideration of this Court's February 19, 2009 Memorandum-Decision and Order granting the Defendant's Motion for summary judgment and dismissing Plaintiff's case. Motion for Reconsideration (Dkt. No. 30); Feb. 19, 2009 Order (Dkt. No. 28).

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). There are three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Where the movant fails to show that any controlling authority or facts have

1

actually been overlooked, and merely offers substantially the same arguments he offered on the original motion, the motion for reconsideration must be denied. See Schrader, 70 F.3d at 257.

In his Motion, Plaintiff again asserts his claims of retaliation and false accusations of padding the payroll. However, the Court, in its previous Order, already considered Plaintiff's allegations, and the Court at all times has been cognizant of Plaintiff's *pro se* status. In the present Motion for reconsideration, Plaintiff does not point to a change in law or the availability of previously unavailable evidence. Plaintiff presents no other information that the Court overlooked that would demonstrate a clear error of law or manifest injustice in the Court's prior order. Rather, Plaintiff merely reiterates arguments already considered by the Court. Accordingly, Plaintiff's Motion for reconsideration is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED**, that the February 19, 2009, Memorandum-Decision and Order (Dkt. No. 28) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED: March 11, 2009
       Albany, New York

Lawrence E. Kahn
U.S. District Judge